UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMELIA BRUCE and ANTHONY BOSWELL, Individually, And on behalf of ANTONETTE L. BOSWELL, Deceased daughter, <br><br> Plaintiffs, <br> Vs. <br><br> UNITED STATES OF AMERICA, Acting by and through the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br> Defendants. | ) ) ) ) ) ) ) Case # 1:09-CV-0174-TWP-DML ) ) ) ) ) ) |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant's Motion for Summary Judgment. Plaintiffs, Tamelilia Bruce and Anthon Boswell, individually and on behalf of Antonette L. Boswell (deceased daughter), filed an action for medical negligence against the Defendants, United States of America acting by and through the United States Department of Health and Human Services. In their Complaint, Plaintiffs allege there was a violation of the standard of medical care, services and treatment and that the violation of the standard of care was the proximate cause of injuries suffered. Plaintiffs cannot meet their burden as they have failed to disclose any expert witnesses or otherwise designate any evidence. As the record now stands, the plaintiffs have failed to raise a genuine issue of fact regarding medical malpractice. For the following reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND

In May of 2005, Tameilia Bruce became pregnant and was under the care of doctors at the Raphael Health Center. Plaintiffs assert there was medical malpractice in connection with care provided to Tameilia and that doctors of Raphael Health Center were "negligent in failing to place a cerclage, resulting in fetal demise at 22 weeks occurring on August 20, 2005". Complaint ¶ 5.

The Case Management Plan (dkt. 15) required Plaintiffs were to disclose any expert witnesses by March 15, 2010. Plaintiffs' counsel filed a motion to withdraw (dkt.26) on February 25, 2010, which was granted on March 1, 2010 (dkt. 27). Plaintiffs' filed a Motion to Extend the Case Management Deadlines by Sixty Days (dkt. 25), which was motion was granted (dkt.28). Defendant's filed a Motion for Summary Judgment (dkt. 31) on May 17, 2010. Plaintiff's new counsel entered an appearance on June 21, 2010 (dkt. 37) and filed a Motion for Extension of Time to file a Response to Summary Judgment (dkt. 38). The magistrate granted an extension of time to file a summary judgment response to and including September 20, 2010 (dkt. 48). Plaintiffs failed to file any response to the summary judgment motion nor have they ever disclosed any expert witnesses.

There is no dispute of the material fact that the Plaintiff's Complaint asserts a claim of medical malpractice.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith. Com, Inc.*, 476

F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

A defendant may move for summary judgment at any time. Rule 56(b). If the plaintiff has not had time to do enough discovery to respond to the motion, his proper course is to ask for a postponement. See, e.g., *United States v. Light,* 766 F.2d 394, 397-98 (8th Cir.1985).When a plaintiff presents no evidence to support an essential element of his case; the case is subject to summary judgment. Where the plaintiff fails to obtain admissible evidence with regard to an essential element as to which plaintiff has the burden, the defendant can obtain summary judgment without putting in his own evidence. *American Nurses Ass'n v. State of Illinois*, 783 F.2d 716, 729-30 (7th Cir. 1986). *See also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The Supreme Court has noted:

In our view the plain language of rule 56(b) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.C*elotex,* 477 U.S. at 322-23.

## DISCUSSION

In a medical malpractice case in Indiana, the plaintiff has the burden of proving each element comprising physician negligence. *See Long v. Johnson*, 381 N.E.2d 93, 98, 177 Ind. App. 663, 668 (1978). A medical malpractice case based upon negligence is rarely an

3

appropriate case for disposal by summary judgment. *Chambers By Hamm v. Ludlow* (1992), Ind.App., 598 N.E.2d 1111, 1116; *Bassett v. Glock* (1977), 174 Ind.App. 439, 442, 368 N.E.2d 18, 20. This is especially true when the critical question for resolution is whether the defendant exercised the degree of care due under the factual circumstances. *Bassett,* 174 Ind.App. at 442, 368 N.E.2d at 20. When the defendant doctor moves for summary judgment and can show the there is no genuine issue of material fact as to any one of these elements, the defendant is entitled to summary judgment as a matter of law unless the plaintiff can establish, by expert testimony, a genuine issue of material fact for trial. *See Ludlow,* 598 N.E.2d at 1116.

To prevail in a medical malpractice action, the plaintiff must prove three elements: "(1) that the physician owed a duty of care to the plaintiff; (2) that the physician breached that duty (3) that the breach proximately caused the plaintiff's injuries." Mayhue v Sparkman, 653 N.E. 2d 1384,1386 (Ind.1995). See also Musser v Gentiva Health Sev., 356 F 3d 751, 760 (7th Cir.2004).

Proximate cause has been discussed as follows: "A proximate cause of damage is that cause which sets in motion the chain of circumstances leading up to the damage and has been defined as that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred." *Honey Creek Corp. v. WNC Dev. Co.*, 331 N.E.2d 452, 456 (Ind. App. 1975) (citations omitted). *See Cowe by Cowe v. Forum Group*, *Inc.*, 575 N.E.2d 630, 635 (Ind.1991) (proximate cause at a minimum requires a showing of "but for").

In Indiana, "except in those cases where deviation from the standard of care is a matter commonly known by lay persons, expert medical testimony is necessary to establish whether a physician has or has not complied with the standard of a reasonably prudent physician." §§

4

*Culbertson v. Mernitz*, 602 N.E.2d 98, 104 (Ind. 1992). "Cases which do not require expert testimony generally involve the physician's failure to remove surgical implements or foreign objects from the patient's body." *Simms v. Schweikher*, 651 N.E.2d 348, 350 (Ind. App. 1995). While in Indiana the question of proximate cause is generally a matter for the trier-of-fact, the question of causation in medical malpractice cases is generally one that requires proof by a medical doctor. *Lusk v. Swanson*, 753 N.E.2d 748, 753 (Ind. App. 2001); *Marquis v. Battersby*, 443 N.E.2d 1202, 1204 (Ind. App. 1982) (causation is a matter requiring expert testimony); *Dolezal v. Goode*, 433 N.E.2d 828, 832 (Ind. App. 1982); *Kranda v. Houser-Norborg Med. Corp*, 419 N.E.2d. 1024, 1042-3 (Ind. App. 1981) (as there was no basis of common knowledge for a conclusion that the injury would occur but for an act of negligence, the court had to determine if there was expert testimony to support the conclusion).

In Indiana, a physician is excused from liability, if, possessing reasonable skill, he has used ordinary care in conducting an examination and has reached a mistaken conclusion in the result by use of such skill and care. Mere proof that a diagnosis is wrong or that a cure is not effective will not support a verdict. *Charles F. Broughton, D.M.D., P.C. v. Riehle*, 512 N.E.2d 1133, 1137 (Ind. App. 1987). In *Carpenter v. Campbell*, 271 N.E.2d 163, 166 (Ind. App. 1971), the court said:

Medicine is an inexact science and serious complications, even death, arising from the practice thereof should not in most situations be properly chargeable to a physician without proof of some negligent act. To hold otherwise would require physicians to insure rapid and proper recovery by their patients from any surgical post-operative treatment.

For such an issue to be created, plaintiff must show that there was a violation of the standard of care involving the same class of doctors as the doctors involved. *See Vergara by Vergara v.Doan*, 593 N.E.2d 185, 187 (Ind. 1992). *See also Oelling v. Rao,* 593 N.E.2d 189, 191 (Ind.1992).

Based upon the allegations in the Complaint, this is a case that would require expert opinion as to the standard of care, the alleged violation thereof, and as to proximate cause of any damages allegedly arising therefrom. The Plaintiffs have failed to disclose any expert opinions to support any finding in favor of the Plaintiff on any of the elements of malpractice under Indiana law as of the filing of this document. As Plaintiffs have failed to provide an expert report and failed to disclose any expert who can opine regarding the essential elements of Plaintiff's case under *Mayhue*, 653 N.E.2d at 1386, summary judgment in favor of the Defendant must be granted. *American Nurses Ass'n*, 783 F.2d at 729-30.

Where there has been a failure to comply with the disclosures required by Rule 26, exclusion of the evidence is authorized pursuant to Fed. R. Civ. P. 37(c). *Salgado v. General Motors Corp.,* 150 F.3d 735, 741-42 (7th Cir. 1998). In light of that complete failure by the Plaintiff, summary judgment in favor of the Defendant must be entered. *American Nurses Ass'n,* 783 F.2d at 729-30.

## CONCLUSION

The Defendant is entitled to entry of judgment in its favor as Plaintiff cannot establish that there was a breach of any standard of care or any damages arising therefrom. Thus, Plaintiffs cannot establish the essential elements of their case. Summary judgment in favor of the United States must be granted.

IT IS SO ORDERED.

Dated: 09/30/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Charles A. Richmond
BLYTHE & OST
cjjrichmond3@aol.com